1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   WILLIE BANKS,

11                          Plaintiff,

12          v.

13   COWLITZ COUNTY, JUDGE WARNING,
     JUDGE EVANS, SUSAN BAUER,
14   MICHAEL NGUY, THOMAS A
     LADOUCEUR,
15
                          Defendant.
16

CASE NO. C15-5010 RBL-JRC

ORDER TO SHOW CAUSE

17          The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

18   Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

19   Magistrate Judge Rules MJR1, MJR3 and MJR4.

20          Currently before the Court is plaintiff's proposed complaint (Dkt. 1).  In the proposed

21   complaint, plaintiff names as defendants Judges Warning and Evans, along with three other

22   persons, Susan Bauer, Michael Nguy and Thomas Ladoucer (Dkt. 1).  Although the complaint is

23   not a model of clarity, it appears that plaintiff is attempting to challenge an ongoing criminal

24

1 matter as he asks that these defendants be removed from "his case." (Dkt. 1, p. 2.  In the relief

2 section of the complaint plaintiff asks for release from incarceration (Dkt. 1, p. 4).

3 **DISCUSSION**

4       Pursuant to the Prison Litigation Reform Act of 1995, the Court is required to screen

5 complaints brought by prisoners seeking relief against a governmental entity or officer or

6 employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint

7 or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

8 fail to state a claim upon which relief may be granted, or that seek monetary relief from a

9 defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2);

10 *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

11       To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct

12 complained of was committed by a person acting under color of state law and (ii) the conduct

13 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

14 United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels*

15 *v. Williams*, 474 U.S. 327 (1986).  42 U.S.C. § 1983 is the appropriate avenue to remedy an

16 alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350,

17 1354 (9th Cir. 1985).

18       Plaintiff asks for release from confinement.  If a plaintiff is challenging the very fact or

19 duration of physical imprisonment, and the relief sought will determine whether plaintiff is or

20 was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole

21 federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

22       The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted

23 available state remedies has no cause of action under § 1983 unless and until the conviction or

24

1    sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

2    corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Court added:

3           Under our analysis the statute of limitations poses no difficulty while the state
            challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
4           § 1983 cause of action for damages attributable to an unconstitutional conviction
            or sentence does not accrue until the conviction or sentence has been invalidated.
5
     *Id*. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be
6
     made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily
7
     to imply the invalidity of the judgment.'  *Id*.   If the court concludes that the challenge would
8
     necessarily imply the invalidity of the judgment or continuing confinement, then the challenge
9
     must be brought as a petition for a writ of habeas corpus, not under § 1983."  *Butterfield v. Bail*,
10
     120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).  Here,
11
     plaintiff seeks release from incarceration, thus, he is directly challenging the validity of his
12
     current confinement (Dkt. 1).
13
            Further, plaintiff appears to be challenging ongoing criminal proceedings.  The Supreme
14
     Court prohibits federal courts from enjoining state criminal proceedings except in very rare
15
     circumstances.  *Younger v. Harris*, 401 U.S. 37, 40-41 (1971).  "The factors a court uses to
16
     determine if it should abstain from considering a case are:
17
            (1) whether the underlying proceedings constitute an ongoing judicial proceeding;
18
            (2) whether the proceedings implicate an important state interest; and
19
            (3) whether there is an adequate opportunity in the state proceedings to raise a
20          constitutional challenge.

21   *Cole v. Cole,* 2012 WL 1825700 (M.D. Tenn. 2012)(extending the abstention doctrine to a child

22   custody case).

23          It appears from the statements made in the complaint, that all of the factors weigh in

24   favor of abstention in this case.  Plaintiff implies that that he is involved in an ongoing criminal

action in Cowlitz County, but plaintiff provides no cause number (Dkt. 1, proposed complaint).

Criminal prosecution is an important state interest involving the state's application of its own

law. *Younger*, 401 U.S. at 43.  Plaintiff may raise his allegations regarding speedy trial violations

and delays in his criminal proceedings.

Given the discussion above, plaintiff is ORDERED to show cause why the Court should

not dismiss this case as frivolous.  Plaintiff must file a response with this Court on or before

**February 20, 2015**.  If he fails to do so, the Court will recommend dismissal of this action as

frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

§ 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

or more civil actions or appeals which are dismissed on grounds they are legally frivolous,

malicious, or fail to state a claim, will be precluded from bringing any other civil action or

appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

injury."  28 U.S.C. § 1915(g).

Dated this 22nd day of January, 2015.

J. Richard Creatura
United States Magistrate Judge