UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE BANKS,

              Plaintiff,

   v.

COWLITZ COUNTY, WARNING, EVANS, SUSAN BAUER, MICHAEL NGUY, THOMAS A LADOUCEUR,

              Defendants.

CASE NO. C15-5010 RBL-JRC

ORDER

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Currently before the Court are two motions filed by plaintiff. In plaintiff's first motion he asks the Court for appointment of counsel (Dkt. 8). In plaintiff's second motion, he asks the Court for sixty days of additional time to respond to an order to show cause (Dkt. 9). The Court denies both of plaintiff's motions as it is now clear that this action cannot proceed as a civil rights action.

When the Court considered plaintiff's proposed complaint, the Court entered an order to show cause because it appeared that plaintiff was attempting to challenge ongoing criminal proceedings (Dkt. 7). The Court gave plaintiff one month to show cause why the action should not be dismissed (*id.*).

Plaintiff's new filings provide slightly more information. Plaintiff is an inmate housed in Oregon State at the Snake River Correctional Institution (Dkt. 9, p. 8). Plaintiff alleges that he has been named in a Washington State detainer filed in Cowlitz County, cause number 08-1-00247-8 (*id.*). In his original complaint, plaintiff asked the Court to release him from custody (Dkt. 6, p. 4). Plaintiff does not state why he is being held in an Oregon prison.

Attached to plaintiff's motion for additional time are 82 pages of exhibits and affidavits (Dkt. 9 and 10). The exhibits in Dkt. 10 are copies of the documents provided in Dkt. 9. Plaintiff does not cite to these documents in any meaningful way in either of his motions. The Court has considered the exhibits.

A. Appointment of counsel.

The Court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The Court may appoint counsel in exceptional circumstances *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the Court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Because plaintiff is challenging the very fact or duration of physical imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus – not a §1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, plaintiff fails to show any likelihood of success on

the merits in this civil rights action. Accordingly, the Court denies plaintiff's motion for appointment of counsel.

B. Additional time.

Plaintiff asks that the Court give him sixty additional days to respond to the Court's order to show cause. It is now clear to the Court that plaintiff is challenging the fact or duration of his incarceration (Dkt. 9, p. 8). This action cannot proceed as a civil rights action. Plaintiff will need to re-file this action as a habeas corpus petition after plaintiff exhausts all available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, the Court denies plaintiff's motion for additional time. The Court will issue a separate Report and Recommendation to dismiss this action.

Dated this 3rd day of March, 2015.

J. Richard Creatura
United States Magistrate Judge